

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:17CR153(3) |
| v. | § | Judge Thad Heartfield |
| | § | |
| MIGUEL GERARDO RODRIGUEZ, (3) | § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Count One
Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to
Distribute a Controlled Substance
(Cocaine HCL)).

That from in or about December 2013, the exact date being unknown to the Grand Jury, and continuing thereafter until in or about July 2014, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Miguel Gerardo Rodriguez,** defendant, knowingly and intentionally conspired and agreed with persons known and unknown to distribute and to possess with the intent to distribute a distributable amount of a Schedule II controlled substance, namely, cocaine HCL, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Criminal Forfeiture Pursuant to 21 U.S.C. §§ 853

Upon conviction of the controlled substance offenses alleged in Counts One of this information, **Miguel Gerardo Rodriguez**, defendant, shall forfeit to the United States

pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## MONEY JUDGMENT

1. A sum of money equal to five hundred fifty thousand dollars ($550,000) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and to possess with the intent to distribute a distributable amount of a Schedule II controlled substance, namely, cocaine HCL, for which the defendants are liable, for which the defendant is personally responsible.

Pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 982(a)(1), if any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this information by the defendants any and all interest the defendants have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

> JOSEPH D. BROWN
> United States Attorney
>
> /s/ Christopher Rapp
> CHRISTOPHER T. RAPP
> Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 1:17CR153(3) |
| v. | § § | Judge Thad Heartfield |
| MIGUEL GERARDO RODRIGUEZ, (3) | § § | |

## NOTICE OF PENALTY

### Count One

Violation:     21 U.S.C. §§ 841(b) and 846

Penalty:     Not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.